362 Mass. 43                                    43

Massachusetts Auto. Rating & Acc. Prev. Bur. *v.* Commissioner of Ins.

MASSACHUSETTS AUTOMOBILE RATING AND ACCIDENT
PREVENTION BUREAU & others *vs.* COMMISSIONER
OF INSURANCE.

Suffolk.    May 3, 1972. — June 5, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Insurance*, Rating, Motor vehicle liability insurance. *Equity Pleading
and Practice*, Review of insurance rating.

The Commissioner of Insurance, who established rates for increased
limits motor vehicle bodily injury liability insurance that made no
appropriate adjustment to offset a mandatory fifteen per cent reduc-
tion in the basic limits rates required by St. 1970, c. 670, § 6, but
subsequently held unconstitutional, failed to perform his statutory
duty under G. L. c. 175, §§ 113B, 113C, to establish rates which are
"adequate, just, reasonable and nondiscriminatory;" in such a case
it was appropriate to remand the case to the Commissioner to
receive relevant evidence and determine those rates by making a
suitable adjustment to offset the fifteen percent reduction mandated
by statute.   [44–47]

BILL IN EQUITY filed in the Supreme Judicial Court
for the county of Suffolk on December 30, 1971.

The case was reserved and reported without decision
by *Hennessey*, J.

*Acheson H. Callaghan, Jr.* (*Herbert P. Wilkins* with
him) for Massachusetts Automobile Rating and Acci-
dent Prevention Bureau & others.

*James P. Kiernan*, Assistant Attorney General, for
the Commissioner of Insurance.

HENNESSEY, J.    This case was commenced, pursuant
to the provisions of G. L. c. 175, § 113B, by the filing in
the county court of a bill for review of the decision of
the Commissioner of Insurance (Commissioner) fixing
and establishing 1972 rates for the increased limits
motor vehicle bodily injury liability insurance described
in G. L. c. 175, § 113C.   The case was reserved and
reported without decision to the full court by the single

44                                    362 Mass. 43

Massachusetts Auto. Rating & Acc. Prev. Bur. *v.* Commissioner of Ins.

justice, upon the pleadings and a statement of agreed facts which includes the relevant portions of the record of a public hearing held by the Commissioner. The plaintiffs are the Massachusetts Automobile Rating and Accident Prevention Bureau (Bureau) and twenty-two insurance companies or company groups which write motor vehicle liability insurance in Massachusetts.

On December 13, 1971, after a public hearing in which the plaintiffs participated, the Commissioner issued a decision establishing rates for various motor vehicle insurance coverages under G. L. c. 175, §§ 113B and 113C. Section 113C requires insurance companies which write compulsory motor vehicle bodily injury liability insurance to offer to their policyholders additional coverage beyond that required by G. L. c. 90, § 34A, of at least $15,000 on account of injury to or death of one person and at least $40,000 on account of an accident resulting in injury to or death of more than one person (increased limits insurance). The Commissioner is required to fix and establish these rates in accordance with G. L. C. 175, § 113B.

Section 6 of St. 1970, c. 670, the "no-fault" law, required that the 1971 rates for all motor vehicle insurance coverages should be at least fifteen per cent lower than the rates in effect in 1970. This section of the statute was held unconstitutional as to 1971 property damage liability insurance rates in *Aetna Cas. & Sur. Co.* v. *Commissioner of Ins.* 358 Mass. 272, 281. The Commissioner's decision of December 13, 1971, included a ruling which gave effect to this fifteen per cent reduction in the fixing of the 1972 rates for increased limits insurance, and this ruling of the Commissioner is the only issue raised in this bill for review.

1. Premium charges for increased limits insurance for each of the various combinations of limits which may be purchased have customarily been computed by applying a factor to the "basic limits premiums," which consist of the sum of the premium charges for (a) compulsory motor vehicle liability insurance and (b)

basic limits guest and extraterritorial bodily injury liability insurance. This general method of computing increased limits rates is not at issue in this case. The method is premised upon the principle that increased limits losses bear a fairly constant relationship to basic limits losses. Because the number of increased limits claims in a single State is relatively small and the size of the losses may vary greatly, the increased limits factors are based upon countrywide loss experience accumulated over several years.

Because increased limits rates are based upon basic limits rates, the fifteen per cent reduction in basic limits rates, mandated by § 6 of c. 670, automatically resulted in a fifteen per cent reduction in increased limits rates for 1971 without any change in the existing factors. The Bureau in its 1971 rate recommendations stated that no decrease in increased limits rates was justified by the enactment of the "no-fault" law because it would have no effect on increased limits losses. The plaintiffs, however, did not seek judicial review of the rates for increased limits insurance in 1971.

At the public hearing on the 1972 rates the Bureau recommended the adoption of revised increased limits factors which reflected (a) the effect of the adoption in Massachusetts of the most recently revised factors based on countrywide loss experience and (b) an adjustment to those factors to offset the decrease in Massachusetts in basic limits premiums from 1970 levels resulting from the fifteen per cent reduction mandated by c. 670, § 6. The chief actuary of the Division of Insurance agreed with the Bureau's position and recommended the adoption of the same increased limits factors as the Bureau recommended. In effect, these recommendations would result in using the 1970 increased limits rates as a starting point rather than the 1971 rate levels.

In his decision the Commissioner accepted the recommendation to adjust the increased limits factors to reflect the more recent countrywide loss experience. The Commissioner, however, contrary to the recommendations of

46                                    362 Mass. 43

Massachusetts Auto. Rating & Acc. Prev. Bur. *v.* Commissioner of Ins.

the Bureau and the chief actuary of the Division of Insurance, disallowed that part of the adjustment in the factors which was intended to offset the effect on increased limits rates of the fifteen per cent decrease in 1971 basic limits premiums required by c. 670, § 6. In effect, the Commissioner used the 1971 rate levels as a starting point rather than the 1970 rates for such coverage. The plaintiffs allege that the rates for increased limits thus established do not meet the requirements of G. L. c. 175, § 113B, that the rates be "adequate, just, reasonable and nondiscriminatory." They point out that the Commissioner's ruling is contrary to the recommendations of all experts who testified at the hearing.

The Commissioner contends that he followed the usual rate making procedure to fix such rates. He states that he first determined that the 1971 rates were the proper starting point and then applied the factors which he found to be supported by the evidence to that starting point to determine the rates for 1972. Further, he argues that the plaintiffs did not seek judicial review of the fifteen per cent reduction in 1971 increased limits rates; that failure of the plaintiffs to object through the courts must be taken as an acceptance of that level; that he used the 1971 rate merely as a starting point and was fully prepared to make any adjustment which was supported by the evidence; that he had actually ordered an increase of 2.4 per cent based upon the evidence which had been presented before him; that no party offered any evidence to support an adjustment of fifteen per cent in the factor to offset the reduction in the 1971 increased limits rates; that there is an inference that the 1971 rates as finally established and not appealed to the courts are not confiscatory (*See Aetna Cas. & Sur. Co.* v. *Commissioner of Ins.* 358 Mass. 272, 277–278) ; and that the fifteen per cent adjustment could be made only if supported by evidence.

We do not agree with the Commissioner's decision. In declining to make an adjustment to offset the fifteen

362 Mass. 43                                                47

Massachusetts Auto. Rating & Acc. Prev. Bur. *v.* Commissioner of Ins.

per cent reduction, he is basing his decision on the arbitrary mandate of St. 1970, c. 670, § 6, which this court has ruled to be confiscatory and unconstitutional. *Aetna Cas. & Sur. Co.* v. *Commissioner of Ins.* 358 Mass. 272, 281. Further, it would be particularly inappropriate to allow the fifteen per cent reduction to be effective here because (1) the unconstitutional fifteen per cent reduction enacted by the Legislature was impelled by the expected savings to be accomplished under the "no-fault" system; and because (2) according to the testimony offered before the Commissioner by both the Bureau and the chief actuary of the Division of Insurance, the "no-fault" system can be expected to have no effect upon increased limits losses which continue to be assessed under traditional tort rules.

2. The plaintiffs urge that, since there is before us only the issue of the propriety of the fifteen per cent reduction in the factors ordered by the Commissioner, we should now appropriately modify the Commissioner's order and as so modified affirm the Commissioner's action with respect to 1972 increased limits rates. Nevertheless, we conclude that we shall remand the case to the Commissioner for further hearing. This accords with the request of the Commissioner in the event that we should, as we now do, find him to be in error. We believe that such a course will more likely assist the Commissioner in performing his statutory duty under G. L. c. 175, §§ 113B, 113C, to establish rates which are "adequate, just, reasonable and nondiscriminatory." There was a paucity of supporting evidence at the hearing, principally because there was little evidence available. The Commissioner has represented to this court that considerable relevant evidence is now available which was not available at the time of the hearing. We recognize the necessity for prompt determination of the rates and the Commissioner has stated that there will be a delay of no more than a very few weeks between the date of this court's decision and the resumption of the hearing before the Commissioner.

3. A decree is to enter in the county court remanding the case to the Commissioner of Insurance for further proceedings consistent with this opinion, and providing that the Commissioner, in establishing the starting point for the determination of increased limits rates for 1972, is to make an appropriate adjustment to offset the fifteen per cent reduction mandated by St. 1970, c. 670, § 6.

*So ordered.*